# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In Re:

ROBERTO B. MARTINEZ

Debtor(s)

Case No. 1:19-bk-11184

Chapter 13

Honorable Janet S. Baer

## NOTICE OF MOTION

To:  Edgerton & Edgerton                    Nick Broches
     125 Wood Street, P.O. Box 218          P.O. Box 8129
     West Chicago, Illinois 60186           Bartlett, Illinois 60103

PLEASE TAKE NOTICE that on May 1, 2020 at 9:30 AM, the undersigned will appear before the Honorable Janet S. Baer at the Kane County Courthouse, 100 South Third Street, Geneva, Illinois 60134 and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** a copy of which is hereby served upon you.

A party who objects to this motion and wants it to be called must file a Notice of Objection no later than two (**2**) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.

*/s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

## CERTIFICATE OF SERVICE

     I, Joseph S. Davidson, an attorney, hereby certify that on March 23, 2020, **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service First Class Mail, postage prepaid to:

**Edgerton & Edgerton**
**125 Wood Street, P.O. Box 218**
**West Chicago, Illinois 60186**

**Nick Broches**
**P.O. Box 8129**
**Bartlett, Illinois 60103**

                                                    */s/ Joseph S. Davidson*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:19-bk-11184 |
| ROBERTO B. MARTINEZ | Chapter 13 |
| Debtor(s) | Honorable Janet S. Baer |

## DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

ROBERTO B. MARTINEZ ("Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against EDGERTON & EDGERTON ("E&E") and NICK BROCHES ("Broches") for the willful violation of the automatic stay. In support thereof, Debtor states as follows:

1. On October 23, 2018, Broches initiated forcible detainer proceedings against Debtor, Christina Martinez and Carlos Plascencia in DuPage County, Illinois.

2. Broches sought eviction of Debtor, Christina Martinez and Carlos Plascencia from 313 Barclay Drive, Glendale Heights, Illinois.

3. On November 8, 2018, Broches obtained a $26,026.00 judgment against Debtor, Christina Martinez and Carlos Plascencia.

4. On April 17, 2019, Debtor initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. *See* Doc. #1.

5. The schedules filed by Debtor listed Broches and E&E on Schedules E/F: Creditors Who Have Unsecured Claims. Doc. #1 at 21.

6. Broches and E&E received Notice by first class mail on or around April 20, 2019. Doc. #13 at 3.

7. On June 18, 2019, Broches filed a proof of claim (Claim 5-1) in amount of $28,113.88. *See* Claim 5-1.

8. The confirmed Chapter 13 Plan, dated April 17, 2019, provided:

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply*:
- ☐ The sum of $    .
- ■ 29.00% of the total amount of these claims, an estimated payment of $11,392.04.
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

*See* Doc. #2.

9. On March 10, 2020, E&E, acting on behalf of Broches, issued a Citation to Discover Assets to Debtor, Christina Martinez and Carlos Plascencia stating:

> **YOU ARE COMMANDED** to appear before the presiding judge in Courtroom No. **2003** in the **DUPAGE COUNTY COURTHOUSE, 505 NORTH COUNTY FARM ROAD – P.O. BOX 707, WHEATON, IL 60187-0707**, on **04/16/2020**, at **8:30 a.m.**, to be examined under oath to discover assets or income not exempt from the enforcement of the Judgment. A Judgment entered against **ROBERTO MARTINEZ and CHRISTINA MARTINEZ and CARLOS PLASCENCIA** (Judgment Debtor) was entered on **November 8, 2018** and **$28,965.88** remains unsatisfied.

10. Furthermore, E&E submitted Certification providing:

I, the undersigned attorney for the judgment creditor or the clerk of the court that entered judgment certify under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedures of the Illinois Compiled Statutes that the statements set forth in this instrument are true and correct.

1. That Judgment was entered on **November 8, 2018** in the **18TH** JUDICIAL CIRCUIT COURT of COUNTY OF **DUPAGE** in the STATE OF ILLINOIS.

2. The case number of that proceeding is **2018 LM 2661**.

3. 
| | |
|---|---:|
| The amount of judgment | $26026.00 |
| Allowable costs previously expended including prior supplementary proceedings | $534.00 |
| Filing and service costs for this citation proceeding | $150.00 |
| Interest charges after Judgment through last payment | $1289.89 |
| New interest since last payment | $1809.70 |
| TOTAL | $29809.59 |
| DEDUCT: Total amount paid by or on behalf of judgment debtor prior to this citation | $843.71 |
| **BALANCE DUE JUDGMENT CREDITOR** | $28965.88 |

11. Neither Broches nor E&E sought relief from the automatic stay under 11 U.S.C. § 362(d) prior to doing so.

12. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove him into bankruptcy.

13. E&E and Broches' unlawful conduct deprived Debtor of one of his fundamental rights and led Debtor to believe his bankruptcy was for naught.

14. E&E and Broches' unlawful conduct caused anxiety, confusion, distress, humiliation and the creation of an irreversible public record.

15. The automatic stay prohibits all proceedings against a debtor following the filing of a bankruptcy petition. Legislative history reflects Congress' intent to provide broad protection to debtors:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-42 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 54-55 (1978); reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97.

16. As set forth in section 362 of the Bankruptcy Code, the automatic stay reads, in pertinent part, that:

> Except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> …
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1), (2) and (6).

17. Oral or written notice of a bankruptcy case filing is legally sufficient to convey knowledge of the automatic stay. *See In re Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996); *In re Davis*, 74 B.R. 406, 411 (Bankr. N.D. Ohio 1987); *In re Forty-Five Fifty-Five*, 111 B.R. 920, 921 n.2 (Bankr. D. Mont. 1990).

18. A stay violation is still a willful one if the actor misconstrues the scope of the automatic stay or its listed exceptions, because a specific intent to violate the stay is not necessary. *See In re Sharon*, 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999); *Expeditors Int'l v. Colortran, Inc. (In re Colortran, Inc.)*, 210 B.R. 823, 826-27 (B.A.P. 9th Cir. 1997); *In re Winters*, 1995 U.S. Dist. LEXIS 10727, 1995 WL 453053, at *6-*7 (N.D. Ill. 1995); *In re Alberto*, 119 B.R. 985, 993 (Bankr. N.D. Ill. 1990); *In re Forty-Five Fifty-Five*, 111 B.R. at 922-23; *In re Sumpter*, 171 B.R. at 843; *In re Davis*, 74 B.R. at 410-11; *cf. In re Skeen*, 248 B.R. 312, 316-17 (Bankr. E.D. Tenn. 2000).

19. E&E and Broches unquestionably acted intentionally with knowledge of Debtor's bankruptcy case.

20. "A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding." *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009) (citing *Price v. United States* (*In*

*re Price*), 42 F.3d 1068 (7th Cir. 1994)); *see also In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018) (Cox, J).

21. The automatic stay imposes a duty on creditors to stop collection proceedings. 11 U.S.C. § 362(a)(1) (continuation of prepetition proceeding), 11 U.S.C. § 362(a)(2) (enforcement of a prepetition judgment); see also 11 U.S.C. § 362(a)(6) (an attempt to collect on a prepetition claim); *Wohleber v. Skurto* (*In re Wohleber*), 596 B.R. 554, 572 (B.A.P. 6th Cir. 2019) (it is incumbent on the creditor to take affirmative steps to stop state court actions in violation of the stay).

22. Section 362(k)(1) of the Bankruptcy Code provides in relevant part as follows: "[A]n individual injured by any willful violation of a stay provided by [Section 362(a)] … shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k).

23. E&E and Broches willfully and flagrantly violated the automatic stay set forth in the Bankruptcy Code.

24. When pre-petition creditors ignore § 362 of the Bankruptcy Code, they do so at their peril.

25. Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay.

WHEREFORE, Debtor requests the following relief:

1. find that E&E and Broches willfully violated the stay;

2. award actual damages, including costs and attorneys' fees, and punitive damages; and

3. award of such other relief as this Court deems just and proper

Dated: March 23, 2020                    Respectfully submitted,

**ROBERTO B. MARTINEZ**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com