# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ROBERTO B. MARTINEZ, | ) | Case No. 19-bk-11184 |
| | ) | Chapter 13 |
| Debtor. | ) | Honorable Janet S. Baer |

## OBJECTION AND RESPONSE TO DEBTOR'S MOTION FOR IMPOSITION OF SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

NOW COMES Respondent, EDGERTON & EDGERTON ("Edgerton"), by and through its attorneys in this regard, KONICEK & DILLON, P.C., and, as and for its Objection and Response to Debtor's Motion for Imposition of Sanctions for Willful Violation of the Automatic Stay, states as follows:

1.  As set forth in Debtor's Motion, on November 8, 2018, a judgment was entered in favor of Nick Broches ("Broches") and against the Debtor, Roberto Martinez ("Martinez"), and two other individuals in the amount of $26,026.00 in connection with a forcible entry and detainer action.

2.  On March 22, 2019, Edgerton, on behalf of Broches, issued Citations to Discover Assets to Martinez and the other judgment debtors in an effort to satisfy the above-referenced judgment.

3.  On April 17, 2019, Martinez filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  On that same date, the other judgment debtors, Christina Martinez and Carlos Plascencia, filed petitions for relief under Chapter 7 of the Bankruptcy Code which were docketed as case numbers, 19-bk-11180 and 19-bk-11181, respectively.

4.  Edgerton received notice of the filing of all three bankruptcy petitions and immediately ceased all efforts to enforce the Citations to Discover Assets which had been issued.

5. On May 24, 2019, an order was entered in the instant proceeding denying Martinez a discharge. (Docket #19). Thereafter, the informational section of this Court's electronic docket contained the entry "Debtor Disposition: Discharge Denied".

6. On August 5, 2019, Christina Martinez and Carlos Plascencia were granted discharges under Chapter 7 and those proceedings were closed.

7. On or about December 3, 2019, Kyle Delfin, an associate with Edgerton, conducted a search of this Court's electronic dockets with respect to the three relevant bankruptcy proceedings. (Affidavit of Kyle Delfin, ¶¶1, 3-4; attached hereto as **EXHIBIT A**).

8. Based on the entry of the order discharging the judgment debts of Christina Martinez and Carlos Plascencia, Edgerton did not and has not undertaken any further collection activities against those individuals. (Ex. A, ¶¶5, 8).

9. Upon examining the electronic docket as to Martinez, Delfin observed the entry "Debtor Disposition: Discharge Denied". Delfin reasonably, but incorrectly, interpreted that notation as an indication that a determination had been made that the debt arising out of the judgment against Martinez had not been discharged and that collection actions could resume. (Ex. A, ¶6).

10. Based on the mistaken belief that the denial of a discharge lifted the automatic stay provided for in Section 362 of the Bankruptcy Code, Delfin issued a Citation to Discover Assets to Martinez on March 10, 2020, a copy of which is attached hereto as **EXHIBIT B**. While Martinez asserts in paragraph 9 of the instant Motion that citations were also issued to Christina Martinez and Carlos Plascencia on that date, that assertion is not correct. (Ex. A, ¶8).

11. On or about March 27, 2020, Edgerton received a copy of the instant Motion for Imposition of Sanctions. Prior to that date, no actions had been undertaken to enforce the Citation which had been issued to Martinez.

12. Had Martinez or his counsel contacted Edgerton upon receipt of the Citation, they would have been advised by Edgerton that the Citation had been issued by mistake, that Martinez did not need to take any action with respect to the Citation and that Edgerton would move to voluntarily dismiss the Citation. (See letter of April 2, 2020, attached hereto as **EXHIBIT C**).

13. On April 2, 2020, Edgerton filed a Motion to Voluntarily Dismiss the Citation in the forcible entry and detainer action pending in the Circuit Court of DuPage County. (A copy of the Motion to Dismiss is attached hereto as **EXHIBIT D**).

14. On March 26, 2020, four days after the filing of the instant Motion, Martinez filed an action against Edgerton in the United States District Court, Northern District, captioned, *Roberto B. Martinez v. Michael P. Edgerton and Patrick L. Edgerton d/b/a Edgerton & Edgerton*, Docket No. 20-cv-01935. In that action, Martinez seeks to recover from Edgerton under the Fair Debt Collection Practices Act for the same act that gives rise to the instant Motion, i.e., the inadvertent issuance of the Citation to Discover Assets.

15. Bankruptcy courts should not impose sanctions for the violation of the automatic stay where there has just been a mere technical violation of the stay or where the creditor acted in good faith. 11 U.S.C.A. § 362(h); *In re: Lee D. Welch*, 296 B.R. 170 (Bankr. C.D. Ill. 2003). Further, the primary purpose in determining whether to award punitive damages for a violation of the automatic stay is to cause a change in the conduct of the creditor. In so doing, a court should consider the factors including (1) the nature of the creditor's conduct, (2) the nature and extent of the harm to the debtor, (3) creditor's ability to pay, (4) creditor's level of sophistication, and (5)

creditor's motives in determining whether sanctions are warranted. *In re: Shade*, 261 B.R. 213 (Bankr. C.D. Ill. 2001). Finally, the Seventh Circuit does not permit recovery for purely emotional damages caused by a violation of the automatic stay. *Aiello v. Providian Financial Corp.*, 239 F.3d 876 (7th Cir. 2001).

16. Initially, a fair and objective review of the circumstances surrounding the issuance of the Citation reveals that that action was a mere technical violation of the stay insomuch as Edgerton did not make any attempt to enforce the Citation after it was served and immediately filed a Motion to Dismiss the Citation upon discovering that the stay was still in place.

17. Further, this Court can reasonably conclude that Delfin acted in good faith, albeit mistakenly, by interpreting the notation "Debtor Disposition: Discharge Denied" as terminating the automatic stay so that collection activities could resume. Such a conclusion of "good faith" is supported by the fact that Section 362 itself specifically provides that:

(1) the stay of an act against property of the estate under section (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of –

* * *

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a <u>discharge is granted or denied</u>.

11 U.S.C.A. 362(c). (emphasis added). Clearly then, a reasonable person could conclude that the statement on the docket "Discharge Denied" could indicate that the stay was lifted. Therefore, Edgerton's conduct should be viewed as a mere technical violation of the automatic stay and not willful in nature.

18. If, however, this Court concludes that a willful violation of the stay occurred, an analysis of the relevant facts reveals that the imposition of a sanction is not warranted. While

Edgerton is an ongoing law firm, it does not handle bankruptcy matters. (Ex. A, ¶2). As for the nature of the conduct in question and Edgerton's motives, as reflected above, the Citation was mistakenly issued to Martinez after Delfin incorrectly concluded that a determination had been made that the debt in question was not going to be discharged. That being the case, Edgerton's conduct was not motivated by malice or any improper motive nor was it a knowing effort to avoid the automatic stay. Further, Edgerton did not take any action beyond the issuance of the Citation, immediately advised Martinez to ignore the Citation upon learning of the mistake and promptly filed a Motion to Dismiss the Citation. In short, Edgerton's actions can best be characterized as a *de minimus* mistake which was promptly rectified.

9. Further, the harm to Martinez was minimal if any. The issuance of the Citation by itself did not impact Martinez on his daily life at all. No wages were garnished, no accounts were frozen and no liens were placed on Martinez's property. The <u>only</u> harm or actual damages suffered by Martinez was that he consulted with his attorney. While a reasonable response would have been for the attorney to contact Edgerton to demand that the Citation be dismissed, which would have occurred had contact been made, Martinez's counsel chose not to do that. Instead, he filed the instant Motion and initiated the separate District Court action. Regardless, the harm caused by the mistaken issuance of the Citation to Discover Assets is limited to attorney's fees, which could have been minimized had Martinez's attorney simply contacted Edgerton once he became aware of the Citation. Additionally, pursuant to *Aiello*, the "emotional" harm purportedly suffered by Martinez is not compensable. Moreover, it is difficult to imagine what harm was suffered by the simple receipt of the Citation, which Martinez obviously discussed with his attorney very shortly after its receipt.

20. Finally, there is absolutely no basis for an award of punitive damages in this matter. While Martinez asserts that punitive damages are "appropriate to deter a pattern of behavior that ignores the automatic stay" (Motion, ¶25), there is absolutely no evidence that Edgerton previously acted in violation of the automatic stay. Moreover, given the fact that the "violation" in question was the result of an innocent misinterpretation of the impact of a docket entry, it is unlikely that a similar "violation" will occur in the future. Therefore, no deterrence is necessary and the imposition of punitive damages is not warranted.

21. In sum, the issuance of the Citation to Discover Assets was based on an innocent, honest misinterpretation of this Court's electronic docket, not on an improper purpose, and the relevant factors strongly militate against the imposition of sanctions. Therefore, the instant Motion should be denied.

WHEREFORE, for the foregoing reasons, Respondent, EDGERTON & EDGERTON, objects to the Debtor's Motion for Imposition of Sanctions for Willful Violation of the Automatic Stay filed by ROBERTO B. MARTINEZ, and respectfully requests that this Honorable Court enter an Order denying that Motion.

                                              Respectfully submitted,

                                              /s/ Thomas J. Long
                                              Attorney for Respondent
                                              Edgerton & Edgerton

Daniel F. Konicek, #6205408
Thomas J. Long, #6185763
KONICEK & DILLON, P.C.
21 West State Street
Geneva, IL  60134
(630) 262-9655
dan@konicekdillonlaw.com
tlong@konicekdillonlaw.com